UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MICHAEL CONNER                    CIVIL ACTION NO. 11-cv-2206

VERSUS                            JUDGE HICKS

EXCO RESOURCES, INC.              MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Michael Conner ("Plaintiff") was working for Kraemer-Shows Oilfield Services, LLC ("KSOS") at a DeSoto Parish oil and gas well when he slipped and fell down a metal staircase, causing injuries to his left shoulder.  Plaintiff filed suit in state court against NoRam Drilling Company (the alleged manufacturer and custodian of the staircase), Exco Resources, Inc. (the alleged custodian of the well and surrounding land), and KSOS (his employer).

Plaintiff and defendant KSOS are both Louisiana citizens, but Defendants nonetheless removed the case based on an assertion of diversity jurisdiction.  Defendants urge in their Notice of Removal that the citizenship of KSOS could be ignored because it was improperly joined. They contend that under Louisiana's worker's compensation law precludes Plaintiff from asserting a tort claim against KSOS.

Plaintiff filed a Motion to Remand (Doc. 4) in which he challenged the improper joinder plea.  The undersigned issued a Memorandum Ruling that granted the Motion to

1

Remand, subject to a stay to permit any appeal to the district judge. <u>Conner v. Kraemer-Shows Oilfield Services, LLC</u>, ___ F.Supp. 2d ___, 2012 WL 2839452 (W.D. La. 2012). Exco did appeal to the district judge. Plaintiff did not file a timely brief in connection with the appeal. He did file a bare-bones motion to dismiss KSOS. The court issued an order (Doc. 30) and asked Plaintiff to explain the circumstances surrounding the dismissal and his view of what effect it has on the issue of improper joinder and the court's subject-matter jurisdiction.

Plaintiff filed a response. He explains that there were three legal proceedings related to his accident: this lawsuit, a worker's compensation claim, and a retaliatory discharge claim pending in state court. During the appeal of the ruling on the Motion to Remand, Plaintiff and the workers' compensation insurer for KSOS negotiated a settlement to resolve all of the issues between Plaintiff and KSOS, with the dismissal of the claim against KSOS in this case one requirement of the settlement. The settlement was approved by the Office of Workers' Compensation.

Plaintiff states that he can no longer make a good-faith argument that there is a lack of diversity to support the removal, and he gives notice that his previous Motion to Remand is withdrawn. Accordingly, the undersigned's earlier Memorandum Ruling is **vacated**, the **Motion to Remand (Doc. 4)** is **denied**, and the **Appeal (Doc. 24)** to the district judge is **terminated as moot**. The court will set a scheduling conference in the near future to discuss a trial date and related deadlines.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of October, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE