RECEIVED
AUG 3 0 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

MICHAEL CONNER

versus

KRAEMER-SHOWS OILFIELD
SERVICES, LLC, NORAM
DRILLING COMPANY, and
EXCO RESOURCES, INC.

CIVIL ACTION NO. 11-2206
JUDGE TOM STAGG

## MEMORANDUM ORDER

Before the court is a motion for entry of final judgment filed by one of the defendants in this case, Exco Resources, Inc. ("Exco"). See Record Document 65. Federal Rule of Civil Procedure 54(b) provides in pertinent part that:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. . . .

A party seeking such a determination must provide some justification before the court will grant such a motion. "One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist., 81 F.3d 1412, 1421 (5th Cir.

1996). "A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." Id. (internal citations omitted).

Exco points out that the plaintiff's claims against it and the remaining defendant are unrelated and do not share common facts. Exco further contends that, given the differences between the claims, the court of appeals will not be required to evaluate the same facts twice. Nevertheless, designating this court's order dismissing all claims against Exco as final would result in piecemeal appeals because, given the contentious nature of this litigation, any order rendered against the remaining defendant would also likely result in appeal. Thus, the case would be sent to the court of appeals in piecemeal fashion–once immediately for the claims against Exco and a second time after the court adjudicates the claim against the remaining defendant. Moreover, Exco has not identified a single injustice which would result by delaying immediate appeal.

Because entering judgment pursuant to Rule 54(b) would quite likely result in piecemeal appeals and since Exco has failed to articulate a valid justification for requesting a final judgment, **IT IS ORDERED** that Exco's motion for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) be and is hereby

DENIED.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 27th day of August, 2013.

_____
JUDGE TOM STAGG