

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUL 1 8 2014

TONY R. MOORE, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

MICHAEL CONNER

versus

KRAEMER-SHOWS OILFIELD
SERVICES, LLC, NORAM
DRILLING COMPANY, and
EXCO RESOURCES, INC.

CIVIL ACTION NO. 11-2206
JUDGE TOM STAGG

---

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by defendant NorAm

Drilling Company ("NorAm").  See Record Document 81.  For the reasons set forth

below, NorAm's motion for summary judgment is **DENIED.**

## I. BACKGROUND

This case arises from personal injuries allegedly sustained by the plaintiff,

Michael Conner ("Conner"), while Conner was working for his employer, Kraemer-

Shows Oilfield Services, LLC ("Kraemer").  On November 23, 2010, Conner was

working for Kraemer as a solids control supervisor at a well site in DeSoto Parish,

Louisiana, owned by Exco Resources, Inc. ("Exco").  See id.  NorAm provided the

rig that was operating at Exco's well site.  The rig had at least three sets of metal

staircases, each with serrated edge open metal grating for steps with handrails on both sides. See id. Conner alleges that on November 23, 2010, he slipped and fell down a staircase on the rig due to the presence of "drilling mud, diesel-based condensation and/or other lubricants that inundated the staircase." See Record Document 1, Ex. A at 4-5.

On November 17, 2011, Conner filed suit in the 42nd Judicial District Court, DeSoto Parish, Louisiana, against Kraemer, Exco, and NorAm, seeking recovery in tort for injuries he sustained on November 23, 2010. See id., Ex. A. Exco removed the case to this court on the basis of the parties' diversity of citizenship. See id. Both Kraemer and Exco have previously been dismissed as defendants.[1] NorAm filed the instant motion for summary judgment, contending that Conner cannot show the staircase in question had a defect and that any risk of harm was not unreasonable. See Record Document 81. Conner opposed the motion and NorAm replied. See Record Documents 83, 85, and 86.

---

[1] On September 17, 2012, Magistrate Judge Mark Hornsby granted Conner's motion to voluntarily dismiss Kraemer. See Record Documents 27 and 29. Exco subsequently moved for and was granted summary judgment and dismissed as a defendant. See Record Documents 46, 61, and 62. NorAm is the only remaining defendant.

2

## II. ANALYSIS

**A.    Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004).    If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir.

3

2002).

## B.    Custodial Liability Claim.[2]

Conner's cause of action against NorAm is based on a theory of custodial liability, specifically that the staircase he was walking on when he slipped and fell was under the custody and control of NorAm.  See Record Document 1, Ex. A.  The standard for custodial liability is set out in Louisiana Civil Code Article 2317.1 ("Article 2317.1"), which provides in relevant part:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

La. Civ. Code art. 2317.1.  Thus, in order to prevail on a custodial liability claim, a plaintiff must prove four things: 1) the object was in the defendant's custody; 2) the object contained a vice or defect which presented an unreasonable risk of harm to others; 3) the defective condition caused the injury; and 4) the defendant knew or should have known of the defect.  See Cormier v. Dolgencorp, Inc., 136 F. App'x 627, 627-28 (5th Cir. 2005).

---

[2] This diversity case is governed by Louisiana's substantive law.  See Erie R. Co. v. Tompkins, 304 U.S. 64, 585 S.Ct. 817 (1938); Holt v. State Farm Fire & Cas. Co., 627 F.3d 188, 191 (5th Cir. 2010).

NorAm presents two arguments in its motion for summary judgment, both of which pertain to the second element.[3]  First, NorAm contends that Conner cannot prove the staircase contained a defect.  Second, NorAm argues that the staircase did not present an unreasonable risk of harm to others, specifically because any such risk was open and obvious.  See Record Document 81.  The court will address these arguments in turn.

### 1.    Whether The Staircase Contained A Defect.

A defect, within the meaning of Article 2317.1, is a condition or imperfection in an object that causes it to present an unreasonable risk of injury to persons exercising ordinary care.  See Todd v. Angel, 132 So. 3d 453, 458 (La. App. 2d Cir. 2014); Nicholson v. Horseshoe Entm't, 58 So. 3d 565, 569 (La. App. 2d Cir. 2011); Barrow v. Brownell, 938 So. 2d 118, 123 (La. App. 1st Cir. 2006).

In its memorandum in support of its motion, NorAm points out that the staircase had handrails on both sides, had been in use for less than two months, and similar staircases are used on both onshore and offshore drilling rigs.  See Record Document 81, Memorandum In Support at 6-7.  Conner counters that the staircase's defect was the accumulation of mud and oil due to NorAm failing to properly clean

---

[3] For purposes of this motion, NorAm concedes that it had custody of the staircase and that Conner slipped and fell as he descended the stairs.  See Record Document 81, Memorandum In Support at 6.

the stairs.  See Record Document 83.  Conner cites to deposition testimony from Scotty Davis ("Davis"), NorAm's rig manager at the time of the incident, who testified that the staircases should be pressure washed frequently to clean off the buildup of oil and mud.  See id., Ex. A at 3-8.  According to Davis, the particular staircase that Conner slipped on was pressure washed at least three or four times every twelve hours.  See id., Ex. A at 7-8.  However, Conner also cites to the deposition testimony of Richard Beeson ("Beeson"), Exco's on-site company man at the time of the incident, who stated that the staircase in question was only power washed about once per week.  See id., Ex. D at 5.  Additionally, Conner cites the deposition of Sherman Tooles ("Tooles"), a co-employee, who testified that the staircase was not frequently pressure washed and that Tooles had also previously slipped on that staircase.  See id., Ex. B at 5-6.

The court finds there is a genuine dispute of material fact as to whether or not the staircase contained a defect.  Based on the testimony of Davis, the staircases needed to be frequently pressure washed to keep them clean and safe to walk on. However, according to Beeson and Tooles, the staircase in question was not pressure washed on a regular basis.  This at least creates a question as to whether or not the staircase presented an unreasonable risk of injury to persons exercising reasonable care.

6

### 2.     Whether The Staircase Presented An Unreasonable Risk Of Harm.

NorAm next contends that any risk of harm presented by the alleged defect in the staircase was not unreasonable, and therefore NorAm did not owe Conner any duty of care and did not breach any duty it may have owed him.  See Record Document 81.  To determine whether an alleged defect presents an unreasonable risk of harm, Louisiana courts consider four factors: 1) the utility of the object; 2) the likelihood and magnitude of harm, including the obviousness of the risk; 3) the cost of preventing the harm; and 4) the nature of the plaintiff's activities.  See Broussard v. State ex rel. Office of State Bldgs., 113 So. 3d 175, 184 (La. 2013).

NorAm claims that the staircase clearly had a strong utility because it allowed workers to travel from one area of the rig to another in order to do their jobs.  Moreover, NorAm claims it would have been prohibitively expensive to constantly pressure wash the stairs to keep them clean before any employee walked on the staircase, and that Conner himself could have pressure washed the stairs if he thought they were unsafe or he could have used another set of stairs.  NorAm further argues that working on a drilling rig is an inherently dangerous activity.

The court is not persuaded to grant summary judgment to NorAm based on any of these arguments.  NorAm clearly had a duty to keep the staircase reasonably safe to walk on.  While it would likely have been impractical to pressure wash the stairs

7

every time an employee was going to use them, Conner has provided testimony from multiple witnesses that the stairs were rarely cleaned. A jury could reasonably find that pressure washing the staircase at least once every few hours would be a minimal cost of preventing the harm. Additionally, the facts that staircases are necessary for workers to access different areas of the rig and that working on a drilling rig is inherently dangerous do not, by themselves, justify any risk of harm presented by the buildup of mud and oil on the staircases, making them slippery.

With respect to the second factor, the likelihood and magnitude of harm, NorAm specifically alleges that the risk of harm presented by the slippery staircase was open and obvious, and therefore no duty was owed. The Louisiana Supreme Court recently addressed the issue of open and obvious risks of harm in Broussard, finding that, in its prior decisions, it had mistakenly conflated the duty and breach elements of negligence when discussing the open and obvious doctrine. See id. at 184-85. The court held that whether a risk is open and obvious is properly a determination of the breach element, and is therefore a question of fact for a jury, not the judge, to decide. See id. at 185. Subsequent decisions from Louisiana appellate courts and federal district courts have similarly concluded that whether a risk of harm is open and obvious is a question of fact for the jury and is not proper for resolution of a summary judgment motion. See Graupmann v. Nunamaker Family Ltd. P'ship,

8

136 So. 2d 863, 870-71 (La. App. 1st Cir. 2013); Farrow v. Dolgencorp, LLC, No. 12-804, 2014 WL 1118122 at *4 (M.D. La. Mar. 20, 2014); Gustafson v. Priority Elec., Inc., No. 2013-ca-1096, 2014 WL 647704 at *5 (La. App. 1st Cir. Feb. 18, 2014); Barnes v. Energy Res. Tech. GOM, Inc., No. 12-2751, 2013 WL 6858721 at *3 (E.D. La. Dec. 30, 2013); Kennett v. Dept. of Public Works ex rel. City of Bogalusa, No. 2013-ca-0824, 2013 WL 6858283 at *10 (La. App. 1st Cir. Dec. 27, 2013).

In its reply brief, NorAm cites to a number of post-Broussard cases for the proposition that, if a thing presents an open and obvious risk, there is no unreasonable risk of harm and no duty of care is owed.  See Todd v. Angel, 132 So. 3d 453 (La. App. 2d Cir. 2014); Primrose v. Wal-Mart Stores, Inc., 127 So. 3d 13 (La. App. 2d Cir. 2013); Broussard v. Retail Investors of Tex., Ltd., 123 So. 3d 912 (La. App. 3d Cir. 2013); Russell v. Morgan's Bestway of La., LLC, 113 So. 3d 448 (La. App. 2d Cir. 2013); Brooks v. Sibille, Nos. 13-1015, 13-1016, 2014 WL 551562 (La. App. 3d Cir. Feb. 12, 2014); Perrodin v. Lowe's Home Centers, Inc., No. 6:12-2255, 2013 WL 6667150 (W.D. La. Dec. 17, 2013).  However, none of these cases cites to or discusses Broussard.  This court finds the opinion of the Louisiana Supreme Court persuasive and controlling, and thus finds that whether a risk is open and obvious is a question of fact and is not proper for resolution of a summary judgment motion.

9

Having considered the relevant factors and particular facts of this case, the court finds that NorAm did owe a duty of care to Conner, and there is a genuine dispute of material fact as to whether or not that duty was breached.  Therefore, NorAm's motion for summary judgment is **DENIED.**

## III. CONCLUSION

For the above stated reasons, NorAm's motion for summary judgment is **DENIED.**

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DATED AND SIGNED** at Shreveport, Louisiana this _18th_ day of _July_, 2014.

_____
JUDGE TOM STAGG